**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MONTANA**

**MISSOULA DIVISION**

_____

| | |
|---|---|
| JAMES LARRY SHERRILL, JR. | |
| | CAUSE NO. CV-05-034-M-LBE |
| Plaintiff, | |
| | |
| vs. | ORDER AND FINDINGS AND |
| | RECOMMENDATION OF UNITED |
| JANET COX, KATHY MCELDERRY | STATES MAGISTRATE JUDGE |
| MISSOULA COUNTY COMMISSIONERS, | |
| MISSOULA COUNTY COURTS, MISSOULA | |
| COUNTY, KATHLEEN BREUER, GAYLE | |
| JOHNSTON, JUDGE JOHN HENSON, | |
| STATE OF MONTANA, WARDEN MIKE | |
| MAHONEY, AND KENNETH COSBY, | |
| | |
| Defendants. | |

_____

This matter comes before the Court on Plaintiff's Complaint filed pursuant to 42 U.S.C. § 1983 (Dkt. # 1) and Plaintiff's Application to Proceed without prepayment of fees (Dkt. # 2). Plaintiff is a state prisoner proceeding pro se.

**I.  Application to Proceed *In Forma Pauperis***

In support of his application, Plaintiff has submitted inmate account statements which sufficiently make the showing required by 28 U.S.C. §1915(a) and demonstrate that he cannot afford to pay the full filing fee all at once.  Accordingly, Plaintiff's request to proceed *in forma pauperis* will be **GRANTED**.

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 1

Even though Plaintiff's application will be granted, pursuant to 28 U.S.C. § 1915(b)(1), he will still be required to pay the full statutory filing fee of $250.00. Proceeding *in forma pauperis* merely allows a prisoner to pay the filing fee in several increments rather than all at once. *See* 28 U.S.C. § 1915(b)(1).

Because the Court does not know the current balance of Plaintiff's account, it will waive payment of an initial partial filing fee. However, Plaintiff will be obligated to make monthly payments of 20 percent of the preceding month's income credited to his institutional account. By separate order, the Court will direct the agency having custody of Plaintiff to forward payments from Plaintiff's account to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**II. Preliminary Screening of the Allegations of the Complaint**

Pursuant to the federal statute governing proceedings *in forma pauperis*, federal courts must engage in a preliminary screening of cases to assess the merits of the claims. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; see also Franklin v. Murphy, 745 F.2d 1221, 1226-27 (9th Cir. 1984). The Court must identify cognizable claims, or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails

to state a claim upon which relief can be granted, or if the complaint seeks monetary relief from a defendant who is immune from such relief.  Id.

### A.  Factual Background

On June 19, 2001, Plaintiff was orally sentenced in open court by Judge John Henson in cause number DC-00-461.  According to Plaintiff he was sentenced to a ten-year suspended sentence on the condition that he enter and complete the Seattle Drug and Narcotic Center.  He was then remanded to the Missoula County Sheriff until he could arrange transportation to the Seattle Drug and Narcotic Center.

On July 3, 2001, Plaintiff was transported to the Montana State Prison for a parole revocation hearing regarding an earlier charge.

On August 13, 2001, the written judgment was issued by Judge Henson and signed by Clerks Kathleen D. Breuer and Gayle Johnston.  The Judgment stated that,

> James Larry Sherrill, is hereby sentenced to a term of TEN (10) years on each of COUNTS I, II, III, and IV in the Montana State Prison in Deer Lodge, Montana.  On COUNT V Defendant James Larry Sherrill is sentenced to the Missoula County Detention Center for a period of Six (6) months.  Said sentences are to run concurrently with each other and said sentences are to run consecutively to any sentence received in DC-98-13421.
>
> It is the recommendation of the Court that as a condition of probation, the Defendant shall enter and complete the Seadrunner Drug and Narcotic Center in

> Seattle, Washington and Defendant, or his mother or whoever is to bear the costs of that program and Defendant's transportation to the program.

Judge Henson's Order then went on to lay out a variety of terms and reasons for Plaintiff's sentence. It concluded with the following statement:

> The Defendant is remanded to the custody of the Missoula County Sheriff until Defendant's counsel can arrange transportation to the Seadrunner Drug and Narcotic Center in Seattle, Washington.

After receipt of Judge Henson's Order, Plaintiff wrote to Judge Henson on three different occasions explaining that the written order did not comply with the oral sentence given. Judge Henson responded that he had forwarded Plaintiff's letters to the attorneys involved.

On August 29, 2001, Plaintiff's counsel and the prosecuting attorney met with Judge Henson apparently in an attempt to resolve the conflict. According to a letter written by Plaintiff's defense counsel to Plaintiff, Judge Henson would not amend the Judgment or write a letter to the Board of Pardons.

On August 30, 2001, Plaintiff appeared before the Parole Board who revoked his parole in DC-98-13421 and ordered him to serve one year beginning July 3, 2001.

On July 30, 2002, Plaintiff sent an inmate grievance form indicating that he was sentenced to a suspended ten-year sentence that was supposed to have commenced on July 3, 2002. He

contended that he was at MSP illegally and the MSP/Commitment Office was wrong in how they were interpreting the wording on the Court's judgment.  Plaintiff indicated in his grievance that he had the sentencing transcripts to prove his assertions.  He stated that although he had made two attempts in writing to the records department, they refused to answer and his counselor and management refused to get involved.

Ultimately Plaintiff filed a pro se petition for writ of habeas corpus with the Montana Supreme Court.  The petition was forwarded to the district court as a petition for post-conviction relief.  On December 4, 2002, Plaintiff was transported to Missoula for a hearing on his petition.  On that same date Judge Henson issued an order stating:

> Upon review of the file and the Judgement, the Court concurs with Petitioner that it was the intent of this Court in pronouncing Judgment that the sentence be suspended so that Mr. Sherill could attend the See Runner Drug and Narcotic Center in Seattle.  It was scrivener's error that suspension of sentence was not addressed in the Judgment.  The Court has prepared an Amended Judgment to be filed by the Clerk in the underlying criminal proceeding which reflects that correction.

An Amended Judgment was entered that same date indicating that the sentence was suspended.

On December 8, 2002, Plaintiff was released to the Seattle Drug and Narcotic Center.  Twenty-eight days later, Montana State Prison officials accused Plaintiff of being in "felony escape

status" and that he was being rescinded back to MSP to reappear before the Board of Pardons.

Plaintiff then left the Seattle Drug and Narcotic Center and reoffended.  He was resentenced to a total of thirty years at the Montana State Prison which he is currently serving.

### B. Plaintiff's Allegations

Plaintiff contends that he was wrongfully incarcerated for 155 days as a result of Defendants wrongfully submitting and following a sentencing judgment which mistakenly did not contain the word "suspended."

Specifically, Plaintiff contends that Defendants Missoula County, the Clerks, the courts, the commissioners and Judge Henson are responsible for certifying and signing off on a clearly erroneous sentencing judgment, that is allowing the judgment to proceed without the word suspended.  He further contends that Judge Henson was negligent and indifferent to Plaintiff's rights when he was made aware of the problem on three separate occasions and refused to correct the judgment.

Plaintiff has also named the State of Montana, Warden Mike Mahoney, Janet Cox, Kathy McElderry, and Grievance Coordinator Kenneth Cosby.  He states that the Montana State Prison Administration and Records Department Personnel Janet Cox and Kathy McElderry and their employer Warden Mike Mahoney did not

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 6

investigate the judgment which according to Plaintiff contained an obvious scrivener error. He argues that it was obvious from the context of the sentence that it was intended to be a suspended sentence.

**C. Analysis**

Although the Court sympathizes with Plaintiff's situation and the unfortunate events alleged in his complaint, he has failed to name a culpable defendant who is not entitled to immunity.

 1. Judge John Henson

Plaintiff seems to primarily blame Judge John Henson for his alleged wrongful incarceration.  However, judges are absolutely immune from liability for their judicial acts. Butz v. Economou, 438 U.S. 478 (1978); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-554 (1967).  The United States Supreme Court has held that a "judge may not be held accountable in damages for a judicial act taken within his court's jurisdiction. Such immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106

ORDER AND FINDINGS AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE / PAGE 7

S.Ct. 496 (1985) (citing Bradley v. Fisher, 80 U.S. 335, 20 L.Ed. 646, 13 Wall. 335, 347 (1871).

Whether Judge Henson mistakenly, wrongfully, knowingly, or indifferently entered an order without the appropriate "suspended sentence" wording is irrelevant.  The entry of that order was clearly a judicial act within his jurisdiction and as such Judge Henson is absolutely immune from liability for monetary damages for any alleged wrongdoing.

    2.  Clerks of Court

Similarly, the Missoula County Clerks of Court would have immunity as Plaintiff claims arise from the clerks filing of court documents.  Court clerks have absolute quasi-judicial immunity from suits requesting damages or injunctive relief "when they perform tasks that are an integral part of the judicial process." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1390, 1394 (9th Cir. 1987), cert. denied, 486 U.S. 1040 (1988) (court clerks); Stewart v. Minnick, 409 F.2d 826, 826 (9th Cir. 1969) (per curiam) (court clerks and reporters).  A mistake or act in excess of jurisdiction does not abrogate such immunity even if it results in "'grave procedural errors.'" Mullis, 828 F.2d at 1390 (quoting Stump v. Sparkman, 435 U.S. 349, 359 (1978)).  Even allegations of bad faith, personal interest,

outright malevolence, or conspiracy fail to pierce the cloak of immunity. McCarthy v. Mayo, 827 F.2d 1310, 1315 (9th Cir. 1987).

Plaintiff has only made allegations against the court clerks with regard to their duties associated with filing court documents. As such, they are entitled to immunity.

### 3. Missoula County, Missoula County Commissioners and Missoula County Courts

Plaintiff has named three entities from Missoula County–Missoula County, Missoula County Commissioners and Missoula County Courts. With regard to the Missoula County Commissioners, Plaintiff has not alleged the personal participation of any individual commissioner.

> [L]iability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983.

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(internal citations omitted). Plaintiff has made no such allegations here against the individual county commissioners, accordingly such claims are subject to dismissal.

Plaintiff has also named the Missoula County Courts as a Defendant. However, this is not an entity capable of being sued and therefore should be dismissed from this action.

Finally, the Court will address the claims brought against Missoula County. A county is subject to section 1983 liability for such suits if its policies, whether set by the government's lawmakers "or by those whose edicts or acts that may fairly be said to represent official policy," caused the particular constitutional violation at issue. <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Plaintiff must show that the challenged acts (of the Judge or the Clerks) were performed pursuant to an official policy, practice, and custom, and were neither random nor unauthorized. <u>Sanders v. Kennedy</u>, 794 F.2d 478, 482 (9th Cir. 1986). The individual defendant must have been in office at the time of the alleged acts and in a position to adopt a plan or policy authorizing or approving the unconstitutional conduct. <u>Id</u>. Since § 1983 only imposes liability upon governmental entities when the constitutional deprivation results from actions which are taken pursuant to government policy or custom, a § 1983 claim against a governmental entity is only sufficient if the claim is based upon at least a bare allegation that the individual officer's conduct conformed to official policy, custom, or practice. <u>Shah v. County of Los Angeles</u>, 797 F.2d 743, 747 (9th Cir. 1986).

Here, Judge Henson's actions in issuing the erroneous sentencing judgment on August 13, 2001 cannot be said to represent the official policy of Missoula County.  Rather, Judge Henson's authority for sentencing criminal defendants such as Plaintiff, arises from the policies of the State of Montana embodied in state sentencing statutes.  Accordingly, under the standards set forth in Monell v. Department of Social Services, 436 U.S. 658, 690 n.55, 98 S.Ct. 2018, 2036 n.55, 56 L.Ed.2d 611 (1978), Missoula County is not susceptible to liability under section 1983 for Judge Henson's issuance of a sentencing judgment. See also McMillian v. Monroe County, Ala., 520 U.S. 781, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997).

Moreover, the State of Montana cannot be held liable for Judge Henson's Order as the State is entitled to Eleventh Amendment immunity.  "[A] state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment." Cortez v. County of Los Angeles, 294 F.3d 1186, 1188 (9th Cir. 2002)

While the actions of the County Clerks may be the responsibility of the County, there is no allegation that the Clerks' actions in this case were the custom, policy and practice of Missoula County.  The role of the Clerk of Court is generally

to enter judgments as signed by the Court.  It is not the clerks' role to question or correct a judgment signed by a district court judge such as Judge Henson.  To the extent that they forwarded an erroneous judgment to the Montana State Prison, such acts can only be considered a random occurrence for which the County cannot be held liable.

    4.  <u>Department of Corrections Defendants</u>

Finally, Plaintiff has named the State of Montana, Warden Michael Mahoney, Records Clerk Janet Cox, Kathy McElderry and Grievance Coordinator Kenneth Cosby as Defendants for their failure to investigate the erroneous sentencing order.

First, as stated above, the State of Montana is entitled to Eleventh Amendment immunity and should be dismissed as a defendant.

Secondly, Warden Michael Mahoney has only been named as the employer of the records clerks and grievance coordinator.  As set forth above, a section 1983 action requires a showing of personal participation by a defendant in the alleged constitutional violation.  <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  There is no respondeat superior liability under section 1983 and there is no allegation that Warden Mahoney personally participated in any alleged constitutional violation.  As such, Warden Mahoney should also be dismissed from this action.

Plaintiff's claims against the prison grievance coordinator also fail. Plaintiff seems to allege that Mr. Crosby's failure as the grievance coordinator to address Plaintiff's grievances regarding his incarceration give rise to a constitutional violation. However, inmates do not have a separate constitutional right to any specific prison grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, the failure of Mr. Crosby to respond to or investigate Plaintiff's grievances does not give rise to a constitutional claim.

Finally, Plaintiff's claims against the records custodians at the prison-Defendants Janet Cox and Kathy McElderry also fail. The Court acknowledges that "prison officials who are under a duty to investigate claims of computational errors in the calculation of prison sentences may be liable for their failure to so when a reasonable request is made." Alexander v. Perrill, 916 F.2d 1392, 1398 (9th Cir. 1990); see also Haygood v. Younger, 769 F.2d 1350 (9th Cir. 1985)(en banc), cert. denied, 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986). However, this case differs significantly in that it does not involve a computational error. The error which occurred in Plaintiff's case was with the original order of judgment. That judgment stated that Plaintiff was sentenced to the Montana State Prison for a term of ten years. Although there may have been some inconsistencies in the

order regarding Plaintiff awaiting transfer to the Seattle Drug and Narcotic Center, the clear language of the order indicated a ten-year sentence at the prison.  The records custodians at the prison had no responsibility to question a court's order of judgment.  Their responsibility lies only in the computation of the sentence.  That they did correctly.  The error which occurred (as set forth in the second order correcting Plaintiff's sentence) was an error in the trial court's order of judgment.  It was nothing that could be corrected by the records custodians.

Based on the foregoing, the Court enters the following:

**ORDER**

Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. # 2) is **GRANTED.**

Further the Court enters the following,

**RECOMMENDATION**

Plaintiff's Complaint should be **DISMISSED** with prejudice for the reasons set forth herein.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of this Order and Findings and Recommendation of the United States Magistrate Judge upon the Plaintiff.  Plaintiff is advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court within ten (10) days after receipt hereof, or objection is waived.

Plaintiff shall notify the Court immediately if his address changes. Failure to do so may be cause for dismissal of this case without further notice.

DONE and DATED this __2nd__ day of March, 2006.

                          ___/s/ Hon. Leif B. Erickson_____
                          Leif B. Erickson
                          United States Magistrate