FILED
MISSOULA, MT

2006 NOV 1 PM 4 59

PATRICK E. DUFFY
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JAMES LARRY SHERRILL, JR. | ) | CV 05-34-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JANET COX, KATHY MCELDERRY, | ) | |
| MISSOULA COUNTY COMMISSIONERS, | ) | |
| MISSOULA COUNTY COURTS, MISSOULA | ) | |
| COUNTY, KATHLEEN BREUER, GAYLE | ) | |
| JOHNSTON, JUDGE JOHN HENSON, | ) | |
| STATE OF MONTANA, WARDEN MIKE | ) | |
| MAHONEY, and KENNETH COSBY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  **Introduction**

United States Magistrate Judge Leif B. Erickson entered
Findings and Recommendation in this matter on March 2, 2006.
Plaintiff received several extensions of time to file objections,
the most recent of which required objections to be filed by
September 8, 2006.  Plaintiff's objections were filed on
September 12, 2006.  Accompanying those objections was a note
indicating the objections were mailed on September 7, 2006, but

-1-

were mistakenly returned to the sender.  Although Plaintiff's objections were untimely, this Court will review the record <u>de novo</u> in the interests of justice.

## II.  Background

Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983, seeking damages for wrongful incarceration.  Plaintiff alleges he was sentenced in open court to a ten-year suspended sentence on the condition that he enter and complete the Seattle Drug and Narcotic Center.  The sentence set forth in the subsequent order of judgment, however, mistakenly omitted the word "suspended." As a result of this scrivener's error, Plaintiff was incarcerated for 155 days instead of being sent immediately to drug treatment.

After conducting a preliminary screening of Plaintiff's complaint, Judge Erikson recommended dismissing the complaint with prejudice because Plaintiff failed to name a culpable defendant who was not entitled to immunity.  Plaintiff does not object to the dismissal of his claims against Defendants Judge John Henson, Kathleen Breuer, Gayle Johnston, Michael Mahoney, Missoula County Commissioners, Missoula County Courts, or the State of Montana, and I find no clear error in Judge Erickson's Findings and Recommendation with respect to these Defendants. <u>See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d 1309, 1313 (9th Cir. 1981) (noting portions of Findings and Recommendation not specifically objected to are reviewed for

clear error).  Plaintiff does object to dismissal with prejudice
of his claims against Defendants Janet Cox, Kathy McElderry,
Kenneth Cosby, and Missoula County.  In particular, Plaintiff
contends these claims should have been dismissed with leave to
amend because the claims can be cured by amendment.  See Lopez v.
Smith, 203 F.3d 1122, 1131 (9th Cir. 2000) (providing "leave to
amend should be granted if it appears at all possible that the
plaintiff can correct the defect" (quotations omitted)).

## II.  Analysis

### A.  Defendants Cosby, Cox, and McElderry

Defendant Kenneth Cosby is the grievance coordinator at the
Montana State Prison.  Defendants Janet Cox and Kathy McElderry
work in the Montana State Prison Administration and Records
Department.  Plaintiff's complaint alleges these individuals
violated Plaintiff's constitutional rights by failing to
investigate his complaints regarding the mistaken order of
judgment.  In recommending dismissal with prejudice of
Plaintiff's claim against Cosby, Judge Erikson determined Cosby
did not violate Plaintiff's constitutional right because inmates
do not have a separate constitutional right to any specific
prison grievance procedure.  With respect to Plaintiff's claims
against Cox and McElderry, Judge Erikson acknowledged that prison
officials who have a duty to investigate claims of computational
errors in the calculation of prison sentences may be liable for

-3-

their failure to do so when a reasonable request is made.
Nevertheless, Judge Erickson concluded the error in Plaintiff's
case was not computational in nature; instead, it involved an
error in the original order of judgment. According to Judge
Erickson, prison record custodians have no duty to question a
court's order of judgment, and thus, Cox and McElderry committed
no culpable conduct.

    Plaintiff argues his claims against Cosby, Cox, and
McElderry should have been dismissed with leave to amend because
he has a viable Eighth Amendment claim against these defendants.
Detention beyond the termination of a sentence can constitute
cruel and unusual punishment in violation of the Eighth Amendment
"if it is the result of 'deliberate indifference' to the
prisoner's liberty interest." Haygood v. Younger, 769 F.2d 1350,
1354 (9th Cir. 1985). In Alexander v. Perrill, 916 F.2d 1392,
1393-95 (9th Cir. 1990), an inmate requested that prison
officials conduct an investigation into an alleged miscalculation
in his sentence resulting from failure to give credit for time
served in a foreign jail. The inmate subsequently filed a Bivens
action, claiming the prison officials made no effort to
investigate his claims. Id. at 1393, 1395. The inmate alleged
the failure to investigate constituted deliberate indifference to
his constitutional and statutory rights. Id. at 1395. In
reviewing the district court's denial of qualified immunity, the

-4-

Ninth Circuit concluded prison officials may be liable for money
damages when they have a duty to ensure the proper calculation of
prison sentences, they are put on notice that a possible mistake
has been made, and they undertake no investigation to determine
whether the inmate's claims are meritorious.  Id. at 1396, 1398;
see also Haygood, 769 F.2d at 1354-55 (concluding evidence that
prison officials refused to investigate a computational error
after being put on notice of the error was sufficient to support
a finding of liability for deliberate indifference).  Although,
unlike the instant case, Alexander involved a computational error
in the calculation of a prisoner's sentence, the language of
Alexander is not so limited.  Instead, the case suggests a
constitutional violation may arise where prison officials have a
duty to investigate prisoner complaints and completely disregard
that duty after being put on notice of a meritorious claim.  See
id. at 1396 (observing qualified immunity defense is unavailable
where official fails to take an action he has a clearly
established duty to take and that failure contributes to a
violation of the plaintiff's constitutional rights); id. at 1398
(noting court "will not . . . embrace a rule which would allow
prison officials to stand by idly after an inmate has raised the
prospect that he is being unlawfully incarcerated and has
provided documentary evidence in support of his claim").

     In his objections, Plaintiff proposes to amend his complaint

-5-

to allege the following facts:  Plaintiff put Cosby on notice
that he was being imprisoned unlawfully by submitting a grievance
on July 30, 2002.  Plaintiff also made several informal written
complaints to Cox and McElderry in an attempt to bring the
sentencing error to their attention.  It was clear from the face
of the order of judgment that Plaintiff was being imprisoned
unlawfully because the order stated "The Defendant is remanded to
the custody of the Missoula County Sheriff until Defendant's
counsel can arrange transportation to the Seadrunner Drug and
Narcotic Center in Seattle, Washington."[1]  Plaintiff also
informed Cosby the sentencing transcript would verify his claims
of error.  Cosby, Cox, and McElderry did nothing in response to
Plaintiff's claims.

If, in addition to these allegations, Plaintiff can
demonstrate Cosby, Cox, and McElderry had a duty to investigate
his claims of scrivener's error in the order of judgement,
Plaintiff can state a claim for violation of his Eighth Amendment
rights.  Defendants' duty can be established by decisional law or
prison regulations and policies.  Id. at 1398.  Because
Plaintiff's complaint as originally drafted does not allege any
such duty, the complaint is dismissed.  Nevertheless, because

---

[1]Plaintiff's claim of wrongful incarceration does not need
to be clearly meritorious from the face of the grievance he
lodged.  See Alexander v. Perrrill, 916 F.2d 1392, 1398(9th Cir.
1990).  Instead it is sufficient if the grievance raised a
substantial question regarding the alleged error.  Id. at 1399.

-6-

this Court is unwilling, at this time, to say no duty exists, the complaint is dismissed with leave to amend.

## B.   Defendant Missoula County

Judge Erickson recommended dismissing Plaintiff's claim against Defendant Missoula County because Plaintiff's complaint did not contain an allegation that the actions of the Clerks of Court were the custom, policy, and practice of Missoula County. See Anderson v. Warner, 451 F.3d 1063, 1070 (9th Cir. 2006) (noting a local governmental entity is not liable under § 1983 unless the plaintiff can demonstrate the local governmental entity had a custom, policy, or practice that led to the deprivation of the plaintiff's constitutional right).   Plaintiff argues he should be granted leave to amend his complaint to allege a custom, policy, or practice.   The role of the Clerk of Court is generally to enter judgments as signed by a judge; Clerks generally do not question or correct errors in judgments. Therefore, it is unlikely Plaintiff will be able to cure his complaint by alleging a Missoula County custom, policy, or practice relating to Clerks of Court that caused the erroneous order of judgment in this case.   Nevertheless, without further factual development, this Court is not willing to say Plaintiff's claim cannot possibly be cured by the allegation of additional facts.   The Court therefore dismisses Plaintiff's claim against Missoula County with leave to amend.

### III.   Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's claims against Defendants Judge John Henson, Kathleen Breuer, Gayle Johnston, Michael Mahoney, Missoula County Commissioners, Missoula County Courts, and the State of Montana are DISMISSED WITH PREJUDICE for the reasons set forth in Judge Erickson's Findings and Recommendation.

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Janet Cox, Kathy McElderry, Kenneth Cosby, and Missoula County are DISMISSED WITHOUT PREJUDICE for the reasons explained above.

Dated this __1st__ day of __November__, 2006.

Donald W. Molloy, Chief Judge
United States District Court

-8-